AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>MOHAMMED COLIN NURU<br><br>*Defendant(s)* | Case No. 3 20 70076 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 27, 2020__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1001 | False Statement or Representation Made to a Department or Agency of the United States |

This criminal complaint is based on these facts:

Please see the attached affidavit of FBI Special Agent James A Folger.

☑ Continued on the attached sheet.

Approved as to form _/s/_
AUSA Scott Joiner

*Complainant's signature*

James A. Folger, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-28-20

*Judge's signature*

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, James A. Folger, Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state the following:

### I. INTRODUCTION AND AGENT QUALIFICATIONS

#### A. Count One

1. I submit this affidavit in support of a criminal complaint against Mohammed Colin NURU. As set forth below, there is probable cause to believe that on or about January 27, 2020, NURU made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, by telling Special Agents of the FBI that he had not disclosed his arrest, a pending investigation into public corruption, and his cooperation with the government regarding the same, to anyone that he worked with at San Francisco City Hall or other subjects and witnesses in the investigation. The statements and representations were false because, as NURU then and there knew, and subsequently admitted after being confronted, he had in fact disclosed his arrest, the investigation, and his cooperation to a senior official with the City of San Francisco, as well as other subjects and witnesses in the investigation. All in violation of Title 18, United States Code, Section 1001.

#### B. Qualifications and Background

2. I am a Special Agent of the FBI and have been so employed since entering the FBI Academy in August 2012. I am sworn and empowered to investigate criminal activity involving violations of federal law. I am currently assigned to FBI's San Francisco Division Public Corruption Squad, which investigates abuse of public office in violation of criminal law, which includes fraud, bribery, extortion, conflicts of interest, and embezzlement. My investigative experience includes, but is not limited to: conducting wire communication interceptions; interviewing subjects, targets and witnesses; executing search and arrest warrants; handling and supervising confidential human sources; conducting surveillance; and analyzing

1

phone records and financial records. Additionally, I received *juris doctor* and Master of Business Administration degrees from the University of San Francisco in 2012.

3. During my employment with the FBI, I have received formal classroom and field training at the FBI Academy in Quantico, Virginia and graduated from the New Agent Training Program. My training and experience includes, but is not limited to, public corruption, fraud against the government, drug trafficking, gangs, organized crime, and RICO investigations. I have also received additional formal and on-the-job training from the FBI, as well as from the United States Attorney's Office and other federal agents who have done extensive work in the areas of financial crimes and public corruption. I have participated in several investigations involving public corruption, bribery, and fraud, and I have been the lead agent on several of those cases. I have worked on multiple wiretaps while investigating public corruption and gangs. I have received formal training in wiretaps at the FBI academy in Quantico, Virginia as well as on the job training while working on wiretaps in active investigations. I have also received training on phone records and cell tower analysis from members of the Cellular Analysis Survey Team (CAST) and have used this knowledge in numerous investigations.

4. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources including, but not limited to, physical and electronic surveillance, witness interviews, various types of infiltration to include confidential human sources, and cooperating sources. I have utilized pen register and trap and trace devices, mail covers, pole cameras, stationary video recording vehicles, undercover operations, and audio and audio/video recording devices.

5. I make this Affidavit based upon personal knowledge derived from my participation in this investigation and upon information I believe to be reliable from the following sources, among others:

    a. my experience investigating honest services wire fraud and other illegal activity relating to public corruption;

    b. oral and written reports about this investigation that I have received from

2

       members of the FBI;

   c. physical surveillance conducted by the FBI, the results of which have been reported to me either directly or indirectly;

   d. information obtained from undercover agents;

   e. recorded conversations; and

   f. confidential human sources.

6. Because this affidavit is being submitted for the purpose of establishing probable cause in support of the requested Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the requested Complaint. Unless otherwise indicated, where actions, conversations, and statements of others are described below, they are related in substance and in part. In addition, unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another FBI agent, law enforcement officer, recording, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have reviewed.

## II. RELEVANT LAW

7. Title 18, United States Code, Section 1001(a)(2), prohibits false statements or representations to a department or agency of the United States. The elements of the offense are as follows:

   a. The defendant made a statement or representation;

   b. The statement was false;

   c. The statement or representation was material;

   d. The defendant acted knowingly and willfully.

## III. PROBABLE CAUSE

8. NURU made his initial appearance before the Court on a separate criminal complaint on January 21, 2020. At that time he was released to the supervision of the FBI based

3

on his anticipated cooperation with a pending public corruption investigation. The Court admonished the defendant on the conditions of his release. One of the conditions of his release was that he not tamper with any witness or obstruct any criminal investigation. Another condition was that he not disclose his cooperation with the government. As part of his release conditions, the defendant further agreed to surrender and be subject to a detention hearing at the discretion of the U.S. Attorney's Office. Both before and after his initial appearance, the defendant was instructed by FBI agents that he was not to disclose his arrest, the investigation or his cooperation to anyone. Pursuant to his proffer agreement, NURU agreed to truthfully and completely disclose all information that was the subject of inquiry during meetings with the government. The same agreement advised NURU that statements he made during meetings with the government could be used against him in a prosecution for perjury, false statement, or obstruction of justice.

9. During meetings with the government on and before January 27, 2020, NURU admitted that he accepted gifts and other items of value in exchange for official acts as the Director of the Department of Public Works for the City and County of San Francisco. On or about January 27, 2020, agents developed information indicating that NURU had discussed his arrest, the investigation, and his cooperation with the federal government's investigation with a senior official with the City and County of San Francisco. During a meeting with the government on January 27, 2020, at which I was present, NURU repeatedly claimed that he had not disclosed his arrest, the investigation, or his cooperation to anyone that he worked with at City Hall. Later during the meeting he was confronted about discussions he had regarding the investigation with the senior city official. He confessed that he had lied and admitted that, on multiple occasions the prior week, he had discussed the investigation and his cooperation with the government with the senior city official. He also identified several other witnesses in the investigation with whom he had discussed the charges against him and/or the investigation.

## IV. CONCLUSION AND REQUEST FOR SEALING

10. Based on the foregoing facts and my training and experience, I respectfully

4

submit there is probable cause to believe that on or about January 27, 2020, NURU made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the government of the United States, by telling Special Agents of the FBI that he had not disclosed his arrest, a pending investigation into public corruption, and his cooperation with the government regarding the same, to anyone that he worked with at San Francisco City Hall or other subjects and witnesses in the investigation.

11. Because NURU's actions compromised the investigation, federal law enforcement agents have started to execute previously approved search warrants. To ensure the safety of the agents and avoid further compromising the investigation, I request that the Court issue an order sealing the Complaint, this affidavit, and the arrest warrant until 12:30 P.M. on January 28, 2020. At that time the operational exigencies requiring the sealing will have passed.

_____
JAMES A. FOLGER
Special Agent, Federal Bureau of Investigation

Sworn to and subscribed before
me this 28 day of January, 2020.

_____
HON. SALLIE KIM
United States Magistrate Judge

5

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☒ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
                                  ☐ SUPERSEDING

**— OFFENSE CHARGED —**

18 U.S.C. § 1001

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:  Maximum Penalties:
5 years' imprisonment
$250,000 fine
3 years supervised release
$100 special assessment, Forfeiture

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

**— DEFENDANT - U.S —**

▶ MOHAMMED COLIN NURU

DISTRICT COURT NUMBER

**— PROCEEDING —**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

CR 20-70028-SK

Name and Office of Person Furnishing Information on this form    DAVID L. ANDERSON
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    SCOTT D. JOINER

**— DEFENDANT —**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
       If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☒ Federal ☐ State
6) ☒ Awaiting trial on other charges
       If answer to (6) is "Yes", show name of institution
       United States District Court, NDCA

Has detainer been filed?  ☐ Yes  ☐ No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address: _____

Date/Time: _____     Before Judge: _____

Comments: