1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division

4  SCOTT D. JOINER (CABN 223313)
   Assistant United States Attorneys

5

6        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495

7        Telephone: (415) 436-7200
         FAX: (415) 436-7234

8        scott.joiner@usdoj.gov

9  Attorneys for United States of America

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,          )   NO. CR 20-MJ-70028
                                       )   NO. CR 20-MJ-70076
         Plaintiff,                    )
15                                     )   STIPULATION TO CONTINUE HEARING AND
         v.                            )   EXCLUDE TIME FROM JULY 27, 2021 TO
16                                     )   AUGUST 31, 2021; ORDER
    MOHAMMED COLIN NURU,               )
17                                     )
         Defendant.                    )
18  _____)

19

20       In light of the COVID-19 pandemic, the complexity of the case, and the time available for

21  indictment, the above-referenced matters were previously continued and time excluded to July 27, 2021.

22  Considering ongoing limitations, the parties now request that the matters be continued to August 31,

23  2021.

24       It is further stipulated by and between counsel for the United States and counsel for defendant

25  Mohammed Nuru, that time be excluded under the Speedy Trial Act from July 27, 2021 through August

26  31, 2021.  Defendant Nuru waives the time for a preliminary hearing on each Complaint under Rule 5.1

27  of the Federal Rules of Criminal Procedure through August 31, 2021.  Pursuant to stipulation, the Court

28  previously excluded time under the Speedy Trial Act through and including July 27, 2021, in light of the

complexity of the cases – which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents – the time available for indictment, and for effective preparation of counsel.

For the same reasons, the parties stipulate and agree that excluding time from July 27, 2021 through August 31, 2021, in both matters, will allow for the effective preparation of counsel and is appropriate based on the complexity of the cases and the amount of time necessary to return and file an indictment under the circumstances within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii), 3161(h(7)(B)(iv); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e))."); *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The parties further stipulate and agree that the ends of justice served by excluding the time from July 27, 2021 through August 31, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

SO STIPULATED.


DATED: July 26, 2021                                  _____/s/_____
                                                                          SCOTT D. JOINER
                                                                          Assistant United States Attorney


DATED: July 26, 2021                                  _____/s/_____
                                                                          ISMAIL RAMSEY
                                                                          RAMSEY & EHRLICH, LLP
                                                                          Counsel for Defendant Mohammed Nuru

**ORDER**

Pursuant to stipulation, the appearance currently set for July 27, 2021 is HEREBY CONTINUED to August 31, 2021.

Based upon the facts set forth in the stipulation of the parties and for good cause shown, the Court finds that failing to exclude the time from July 27, 2021 through August 31, 2021, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court also finds that excluding the time from July 27, 2021 through August 31, 2021, is appropriate in light of the complexity of the case, which the government represents involves more than 1,500 recorded calls or conversations and thousands of pages of documents, and the amount of time necessary to return and file an indictment under the circumstances, including the current pandemic and shelter-in- place orders, within the time specified by 18 U.S.C. § 3161(b).  *See* 18 U.S.C. §§ 3161(h)(7)(B)(ii), 3161(h)(7)(B)(iii); *see also United States v. Pete*, 525 F.3d 844, 852-53 (9th Cir. 2008) ("the STA makes no distinction regarding the applicability of the exclusions under § 3161(h)(1) to the pre-indictment period (governed by § 3161(b)) and the pretrial period (governed by §§ 3161(c) and (e)).");  *United States v. Murray*, 771 F.2d 1324, 1328 (9th Cir. 1985) ("In cases of relative complexity, with multiple defendants and ongoing investigations such as here, it may be quite unreasonable to expect the preparation and return of an indictment within thirty days… In the case at bar, efficiency and economy were definitely served by the sixty day extension.").

The Court further finds that the ends of justice served by excluding the time from July 27, 2021 through August 31, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from July 27, 2021 through August 31, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii)-(iv).

The Court also orders that the time for a preliminary hearing be extended under Rule 5.1 of the Federal

/ /

/ /

/ /

1   Rules of Criminal Procedure and the time within which to conduct a preliminary hearing is waived with

2   the consent of the Defendant through August 31, 2021.

3          IT IS SO ORDERED.

4

5   DATED:   July 26, 2021

     _____

6                                         HON. JOSEPH C. SPERO
                                          CHIEF U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER EXCLUDING TIME
CR 20-MJ-70028; CR 20-MJ-70076